UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____ - CIV

EVAN RAMIREZ, individually and on
behalf of all those similarly situated,

        Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS,
LLC D/B/A MYSCHOOLBUCKS,

        Defendant.

---

## DEFENDANT HEARTLAND PAYMENT SYSTEMS, LLC'S NOTICE OF REMOVAL

Defendant Heartland Payment Systems, LLC ("Heartland") hereby removes the above-entitled action from the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County, where the above-entitled action was filed, to the United States District Court for the Southern District of Florida because this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d).[1] In support of this Removal, Heartland states as follows:

### BACKGROUND

1. On April 24, 2024, Plaintiff Evan Ramirez ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Heartland in the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County, styled as *Evan Ramirez v. Heartland Payment Systems, LLC D/B/A MYSCHOOLBUCKS*, Case No. 2024-007421-CA-0 (the "State Action"). (*See* Class Action Complaint, attached hereto as Ex. A (hereinafter "Ex. A, Compl.")).

2. On May 1, 2024, Heartland was served with the Summons and the Complaint. In

---

[1] By filing this Notice of Removal, Heartland does not waive any defenses relating to venue. Instead, Heartland expressly reserves its right to seek transfer of this action to an appropriate venue.

accordance with 28 U.S.C. § 1446(a), attached as Exhibits A, B, and C, are true and correct copies of the Complaint, Summons, and Proof of Service of Summons. (*See* Ex. A, Compl.; Ex. B, Summons; Ex. C, Proof of Service of Summons). Heartland has also attached a copy of all other process, pleadings, and orders filed in the State Action as Exhibit D.

3.   The Complaint in the State Action asserts one cause of action for violation of § 559.72(17) of the Florida Consumer Collection Practices Act ("FCCPA"). (*See* Ex. A, Compl. ¶¶ 41-44). Plaintiff asserts this cause of action on behalf of himself and a putative class of similarly situated individuals. (*See* Ex. A, Compl. ¶ 30).

4.   On behalf of himself and the putative class, Plaintiff seeks, among other things, statutory damages pursuant to Florida Statute § 559.77(2) and attorneys' fees and costs, including expert fees. (*See* Ex. A, Compl. ¶ 44).

5.   Heartland denies the allegations in the Complaint, which are factually and legally baseless. The sole issue presented here is whether removal is proper due to the original jurisdiction of this Court under CAFA. Removal is proper for the reasons set forth herein.

6.   The State Action is removable to this Court because the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d), all procedural requirements for removal are satisfied, and because the United States District Court for the Southern District of Florida is the federal judicial district embracing the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County, 28 U.S.C. § 89(c).

## TIMELINESS OF REMOVAL

7.   Plaintiff served Heartland with the Summons and Complaint on May 1, 2024. (*See* Ex. C, Proof of Service of Summons).

8.   Therefore, this Notice of Removal, filed on May 31, 2024, is timely pursuant to 28

U.S.C. § 1446(b) because it is being filed within thirty (30) days after service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## VENUE

9. This action was originally filed in the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County. As such, it may be removed to the United States District Court for the Southern District of Florida as it is the district embracing the place where the State Action is pending. *See* 28 U.S.C. § 1441(a).

## ORIGINAL JURISDICTION UNDER CAFA

10. This Court has original jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Under CAFA, federal courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

11. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal,'" the same liberal pleading standard under Federal Rule of Civil Procedure 8(a), which requires only plausible allegations as to the basis for removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (2014) (quoting 28 U.S.C. § 1446(a)).

12. Plaintiff's Complaint falls within this grant of jurisdiction because Plaintiff alleges (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have different citizenship than Heartland; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.

13. Accordingly, this case is properly removable pursuant to 28 U.S.C. § 1332(d).

### A. The State Action Is a "Class Action" Under CAFA.

14. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B).

15. In the Complaint, Plaintiff styles the State Action as a "Class Action." Plaintiff specifically alleges that he brings the State Action "on behalf of all other similarly situated persons." (*See* Ex. A, Compl. ¶ 29). Plaintiff brings his class action claim "pursuant to Florida Rule of Civil Procedure 1.220," which, similar to Federal Rule of Civil Procedure 23, permits a class action if:

> (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.

(*See* Ex. A, Compl. ¶ 1); *see also* Fla. R. Civ. P. 1.220(a). Plaintiff seeks a determination that "this action is a proper class action under Florida Rule of Civil Procedure." (*See* Ex. A, Compl. ¶ 44).

16. As such, the State Action is a "class action" within the meaning of CAFA.

### B. The Putative Class Consists of More Than 100 Members.

17. Plaintiff seeks to represent the following putative class: "[1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt." (*See* Ex. A, Compl. ¶ 44).

18. The putative class as alleged in the Complaint exceeds 100 individuals. Plaintiff alleges in his Complaint that he believes the number of members in the Class "*is in the several thousands, if not more.*" (*See* Ex. A, Compl. ¶ 32 (emphasis added)).

19. Accordingly, CAFA's requirement of 100 or more proposed class members is met here.

### C. The Putative Class Satisfies Minimal Diversity.

20. Under CAFA's minimal diversity requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C § 1332(d)(2)(A)).

21. As stated in the Complaint, Plaintiff is a citizen of the State of Florida, residing in Miami-Dade County, Florida. (*See* Ex. A, Compl. ¶ 5).

22. A limited liability corporation is a citizen of every state in which one of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)).

23. Global Payments Inc. ("Global Payments") is the sole member of Heartland. (*See* Declaration of Tyler Evans, attached hereto as Ex. E (hereinafter "Ex. E, Evans Dec.") ¶ 4).

24. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

25. Global Payments was incorporated in Georgia, and its principal place of business is also in Georgia. (*See* Ex. E, Evans Dec. ¶ 6).

26. Therefore, Global Payments is a citizen of Georgia. *See* 28 U.S.C. § 1332(c)(1).

27. Because Heartland's sole member, Global Payments, is a citizen of Georgia, Heartland is also a citizen of Georgia. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1021-22.

28. As such, minimal diversity over CAFA is satisfied because Plaintiff, a Florida citizen, is diverse from Heartland, a Georgia citizen.

29. None of the mandatory or permissive exceptions in CAFA jurisdiction apply. Those exceptions apply only if (in relevant part) at least one defendant is a citizen of the state where the action was originally filed. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A)(i)(II)(cc). Heartland is the only defendant named in the Complaint, and it is not a citizen of Florida, the state where the action was originally filed. Moreover, the burden of proving these exceptions falls on the Plaintiff.

**D.  The Amount-in-Controversy Requirement Is Satisfied.**

30. Under CAFA's amount-in-controversy requirement, the Complaint "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *See Dart Cherokee*, 574 U.S. at 89. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations. *Id.* at 88.

31. While Heartland disputes that Plaintiff or any putative class member is entitled to bring this action, vehemently denies liability, and contends that Plaintiff can ultimately recover nothing under the claims in the Complaint, Plaintiff's allegations and the relief sought determine the amount in controversy for purposes of removal. *See Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.").

32.     For purposes of determining the amount in controversy under CAFA, the claims of the putative class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). Here, Plaintiff seeks recovery on behalf of a proposed class consisting of "several thousands, if not more." (*See* Ex. A, Compl. ¶ 32). Several is defined as more than two and less than many. *See* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/several (last visited May 31, 2024). Accordingly, Plaintiff alleges a class of at least 3,000 putative class members.

33.     Plaintiff alleges that each of Heartland's three electronic communications to Plaintiff violated § 559.72(17) the FCCPA, and that Heartland has sent "thousands of electronic mail communications to Florida consumers" in violation of § 559.72(17) the FCCPA. (*See* Ex. A, Compl. ¶¶ 33, 43). Based upon those violations, Plaintiff alleges that he and the putative class members are entitled to statutory damages pursuant to Florida Statute § 559.77(2) and attorneys' fees and costs, including expert fees. (*See* Ex. A, Compl. ¶ 44).

34.     Under Florida Statute section 559.77, a party may recover actual damages and additional statutory damages up to $1,000. *See* Fla. Stat. § 559.77(2). Plaintiff alleges that Heartland committed three violations of § 559.72(17) of the FCCPA, entitling him to at least $3,000 in damages. (*See* Ex. A, Compl. ¶ 43). Plaintiff claims that he is typical of members of the class. (*See* Ex. A, Compl. ¶ 37). Plaintiff's Complaint thus asserts an amount in controversy in excess of $3,000 for each "typical" class member.  Simple calculation of the amount in controversy for the claims of putative class members may be performed by multiplying each Plaintiffs' alleged amount in controversy by a plausible number of class members. *See*, *e.g.*, *Jovine v. Abbott Labs., Inc.*, No. 9:11-cv-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (denying a motion to remand after calculating the amount in controversy using simple multiplication); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount

in controversy is not nuclear science; it does not demand decimal-point precision."). A claim of just $3,000 multiplied by just 3,000 class members amounts to $9,000,000 in controversy, which exceeds the $5 million CAFA threshold. Although Plaintiff alleges that the proposed class includes "several thousand" putative class members, if the proposed class consisted of just 1,667 members with typical claims in excess of $3,000, the amount in controversy would nonetheless exceed the jurisdictional threshold.

35. Here, Plaintiff, along with the "***several thousands, if not more***" of putative class members seeking to recover statutory damages pursuant to § 559.77(2) of the FCCPA easily exceed the minimum amount in controversy of $5 million. (*See* Ex. A, Compl. ¶ 32 (emphasis added)). This amount, moreover, does not include the other monetary and non-monetary relief Plaintiff seeks individually and on behalf of the putative class members.

36. Accordingly, the State Action satisfies CAFA's amount-in-controversy requirement.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

37. Consistent with 28 U.S.C. § 1446, Heartland submits this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a).

38. Further, 28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the state court action. As noted above, true and correct copies of these documents are listed below and attached hereto:

- Complaint (Ex. A)
- Summons to Heartland (Ex B)
- Proof of Service of Summons and Complaint on Heartland (Ex. C)

- All other process, pleadings, and orders filed in the State Action (Ex. D)

39. Pursuant to 28 U.S.C. § 1446(d), Heartland is filing a copy of the Notice of Removal with the Clerk of the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County, and is serving Plaintiff with the same.

40. Heartland has complied with all applicable local rules for this Court regarding this Notice of Removal.

### NON-WAIVER OF DEFENSES

41. By filing this Notice of Removal, Heartland does not waive any defenses. Nor does it admit any of the allegations in Plaintiff's Complaint. Heartland expressly reserves the right to contest those allegations at the appropriate time.

42. Heartland also reserves the right to supplement this removal, if challenged.

### CONCLUSION

In sum, subject-matter jurisdiction exists under CAFA, 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Dated: May 31, 2024

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ William J. Repko III*
Derin B. Dickerson
(*Pro Hac Vice* Forthcoming)
Kaylan M. Meaza
(*Pro Hac Vice* Forthcoming)
William J. Repko III
Florida Bar No. 122636
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

Telephone: (404) 881-7683
Email: derin.dickerson@alston.com
       kaylan.meaza@alston.com
       jay.repko@alston.com